IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MICHAEL POSTAR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CASE NO. ____5:24-cv-00022_____ |
| | § | |
| DAVID POSTAR, | § | JURY DEMANDED |
| GARGOYLE MANAGEMENT, INC., AND | § | |
| GARGOYLE STRUCTURES, INC., | § | |
| | § | |
| *Defendants*. | § | |

## ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION

Plaintiff, Michael Postar ("Plaintiff" or "Michael"), files this Original Complaint and Application for Preliminary Injunction against Defendants David Postar ("David"), Gargoyle Management, Inc. (the "Management Corporation"), and Gargoyle Structures, Inc. (the "Structures Corporation") (collectively referred to hereafter as "Defendants").

### I.   PARTIES

1.   Plaintiff, Michael Postar, is an individual and citizen of the State of Texas.

2.   Defendant, David Postar, is an individual and citizen of the State of Texas and may be served with process at 5625 County Road 7410, Lubbock, Texas 79424, or wherever he may be found.

3.   Defendant, Gargoyle Management, Inc. is a closely held corporation formed under the Texas Business Organization Act. Gargoyle Management, Inc. has its principal place of business in the State of Texas. Gargoyle Management, Inc. may be served with process by serving its Registered Agent, David Postar, at 5625 County Road 7410, Lubbock, Texas 79424.

4. Defendant, Gargoyle Structures, Inc. is a closely held corporation formed under the Texas Business Organization Act. Gargoyle Structures, Inc. has its principal place of business in the State of Texas. Gargoyle Structures, Inc. may be served with process by serving its Registered Agent, David B. Postar, at 5625 County Road 7410, Lubbock, Texas 79424.

## II.     JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims set forth in this Complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Copyright Act of 1976, 17 U.S.C. §§ 101, and 28 U.S.C. §§ 1331 and 1338.

6. The Court has personal jurisdiction because Defendant David Postar resides in this District. This Court also has personal jurisdiction over Defendants Gargoyle Management, Inc. and Gargoyle Structures, Inc. because they are incorporated in the State of Texas with their principle place of business in this District.

7. Plaintiff's claims against Defendants arise under federal law.

8. Venue is proper in the District Court for the Northern District of Texas, Lubbock Division, pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), as a substantial part of the events or omissions giving rise to this claim occurred in this District and Division.

## III.     CONDITIONS PRECEDENT

9. All conditions precedent have been performed or have occurred.

## IV.     FACTUAL BACKGROUND

10. Michael first entered the self-storage facility industry in 1996.

11. Michael was joined by David, his twin brother, in 2000. Michael developed the idea to use a Smiley Face for the joint business.

12. In 2012, Michael developed the idea to use a smiley face with arms and legs (Smiley Person) as part of the business. In 2014, Michael advanced the Smiley Face to the Smiley Person when 42" Smiley Persons were added as decor to each business office; Smiley Face and Smiley Person are synonymous with Affordable Storage. The Smiley Person was used at a 2016 Hub City barbecue booth for Affordable Storage. Additionally, in 2016, the Lubbock Avalanche Journal newspaper published an article featuring Michael and the Smiley Person.

13. Michael continued using Smiley Person, along with David in their joint storage business operations and advertising for Affordable Storage until at least 2017, and Michael and David each continue to use the Smiley Person in their separate storage business operations to this day.

14. Due to personal and professional differences, in 2017, the joint business operations between Michael and David ceased. However, each of them continues to operate separate storage businesses.

15. As a part of the division of the assets of the joint business operations, Michael and David participated in mediation in August 2017. The intellectual property (IP) that was jointly owned and used in the business, including but not limited to "logos, marks, etc., as well as all of the websites, domain names, and marketing assets" were divided between Michael and David. Michael and David could consent and agree to modify the division, but have not done so since the date of mediation.

16. Pursuant to the Mediation Agreement, registered marks that had been jointly used by Michael and David were assigned to a newly formed entity, Postar IP, LLC. Michael and David are free to use the IP developed during the joint ownership anywhere else in the world, aside from some exclusive territories. The company agreement of Postar IP, LLC allows Michael to use the

registered marks exclusively within Lubbock County, Texas, and David to use the registered marks exclusively in Tom Green County, Texas and Midland County, Texas.

### *Defendants' Bad Faith Conduct*

17.     In 2023, Michael learned that David, through his entities, Gargoyle Management, Inc., and Gargoyle Structures, Inc., had applied for and received a Copyright Registration for Smiley Person in 2019 without Michael's consent or agreement, as required by the Mediation Agreement.

18.     The joint businesses of Michael and David did not split until 2017. The Smiley Person was last used jointly in 2017. David applied for the copyright of Smiley Person without Michael's consent or agreement in 2019, within 2 years of its last use by Michael and David jointly, and Michael continued independent use of the Smiley Person that he created.

19.     Michael and David have mediated and arbitrated several disputes following the split of their joint businesses in 2017. For example, in 2018, Michael and David arbitrated issues addressing their contractual and related rights regarding the use of trademarks in connection with the storage business. Earlier this year, their arbitrator awarded relief to Michael for violations of the parties' settlement agreement incident to their split-up and awarded Michael $4,000 in attorneys' fees. Additionally, in August 2023, Michael initiated a demand for arbitration to address David's flagrant breaches of the parties' Mediation Agreement and the Company Agreement of Postar IP, LLC; this arbitration matter is pending.

20.     On or about February 4, 2019, Defendants filed a copyright application with the U.S. Copyright Office electronically[1] (the "Copyright Application") along with an electronic copy

---

[1] Certain information fields on electronic applications for copyright registration are required; the information submitted in these fields are not displayed on a completed application but is populated on the completed Certificate of Registration.

of the work, Smiley Character (the "Deposited Materials"). Upon information and belief, Smiley Character is an exact copy of Smiley Person.

21. In submitting the Copyright Application, Defendants knowingly and fraudulently represented to the Copyright Office that the work was authored by Gargoyle Structure, Inc. Defendants also knowingly and fraudulently represented in the Copyright Application that Defendants have exclusive ownership rights in the work. Defendants also knowingly and fraudulently represented in the Copyright Application that the work was created by Defendants in 2017. *See* Exhibit 1 (Copyright Certificate of Registration Number VAu001357835).

22. A copyright application requires an applicant to state whether the copyright claimant is the author, and if not, a brief statement of how the claimant obtained ownership of the copyright. *See* 17 U.S.C. § 409(5). Defendants state in the Copyright Application that Defendant Gargoyle Structures, Inc. is the author of the work and transferred ownership rights to Defendant Gargoyle Management, Inc., 5625 County Road 7410, Lubbock, TX 79424, United States. Defendants state in the Copyright Application that Defendant Gargoyle Structures, Inc.'s contribution as author was "made for hire," which is false. Defendants failed to disclose in the Copyright Application that Defendants have no authorship, and Defendant Gargoyle Structures, Inc. had no ownership interest in the work, and certainly none of the Defendants had exclusive ownership in the work. In particular, Defendants failed to disclose that Defendant Gargoyle Structures, Inc. did not author the work and that Michael is the actual author of the work. Defendants also failed to disclose that Defendant Gargoyle Structures, Inc. does not own the work, and that Michael is the actual creator and owner of the work.

23. A copyright application requires an applicant to state the year in which the creation of the work was completed and the date and nation of first publication. *See* 17 U.S.C. §§ 409(7)-(8).

Defendants state in the Copyright Application that the work was created in 2017. Upon information and belief, the published date was left blank. Defendants failed to disclose in the Copyright Application that Defendants did not create the work and that Plaintiff created the work prior to 2017. Defendants also failed to disclose in the Copyright Application that the work was first published by Plaintiff on or about 2014. Furthermore, even if Defendant Gargoyle Structures, Inc. had created any portion of the work, which it did not, the Copyright Application would still be invalid on its face regarding the work's purported publication date of 2017. In 2014, Michael purchased 42" Smiley Persons for each Affordable Storage business office. Additionally, a 2016 local newspaper article featured a story and photo of Michael with the Smiley Person, evidencing that Defendants' claim to have "published" the Smiley Person is false.

24. A copyright application requires an applicant to define and "limit" his or her claim in the subject work by specifically excluding any preexisting material not created or owned by the applicant. *See* 17 U.S.C. § 409(9). Because the Smiley Person was created by Michael and used as part of the Affordable Storage business, and because the Copyright Application included the exact same Smiley Character as used in that business, Defendants were required to exclude the preexisting portion of Smiley Character from their Copyright Application and identify the "additional material covered by the copyright claim being registered." Defendants left this portion of the Copyright Application blank. Defendants failed to disclose to the Copyright Office that the work they sought to register consisted of preexisting material owned and created by Michael, and that none of the work was created by Defendants. Furthermore, Defendant David Postar admitted in an arbitration hearing against Michael that he did not individually create Smiley Person.

25. A copyright application requires an applicant to provide "any other information regarded by the Register of Copyrights as bearing on the preparation or identification of the work

or the existence, ownership, or duration of the copyright." *See* 17 U.S.C. § 409(10). Defendants failed to disclose information regarding the "preparation or identification of the work" and "the existence [and/or] ownership" of the work sought to be registered, including, but not limited to: (1) that Michael has all ownership and authorship in Smiley Person; and (2) that Defendants' Copyright Application for Smiley Character was not authorized.

26. Defendants' failure to disclose the above-referenced information constitutes a material misrepresentation to the Copyright Office.

27. As a condition of submitting and filing a copyright application, an applicant must certify that the information provided in the application is correct to the best of his or her knowledge (the "Certification"). The Certification requirement is set forth in the Copyright Office's regulations at 37 C.F.R. § 202.3(c)(2)(iii). Knowingly making a false representation of a material fact in an application for copyright registration, or in any written statement filed in connection with the application, is a criminal offense and punishable under 17 U.S.C. § 506(e).

28. When filing a copyright application electronically, the Copyright Office's online form requires an applicant to electronically sign the Certification. Defendants electronically signed and made the Certification in connection with the online filing and submission of the Copyright Application.

29. The foregoing statements made by Defendants in the Copyright Application were false. Defendants misrepresented that Gargoyle Structures, Inc. was the author of Smiley Character, even though this was not true. Gargoyle Structures, Inc. did not author the work, which was created by Michael for use in marketing and promotional purposes for Affordable Storage. Further, Defendants failed to disclose to the Copyright Office that Michael is the author of Smiley Person, and Defendants copied Smiley Person to create Smiley Character.

30. By failing to disclose the above information in the Copyright Application, Defendants knew the resulting copyright registration would contain false and fraudulent information and inaccuracies.

31. Defendants knew about the inaccuracies and misrepresentations at the time the Copyright Application was filled out, when David Postar electronically signed the Certification, and when the Copyright Application was filed. Defendants' inaccuracies, misrepresentations, and omissions in the Copyright Application were knowing, deliberate, willful, and for the purpose of misleading the Copyright Office.

32. Defendants' representations to the Copyright Office were material.

33. The Copyright Office relied upon Defendants' inaccuracies, misrepresentations, and omissions in approving the Copyright Application and issuing the Registration. Based on controlling copyright law and the Copyright Office's policies and practices, if the Copyright Office had known of Defendants' false statements, it would have refused registration of Defendants' Copyright Application.

34. Instead, however, the Copyright Office relied upon the false statements and Defendants' Certification, accepted that information was true, correct, and complete, and granted Defendants the Copyright Registration, effective February 4, 2019.

35. Since 2017, David had many opportunities to bring the copyright registration to Michael's attention, but deliberately failed to do so. David's omission was in bad faith and contrary to his obligations under the Mediation Agreement. Additionally, Defendants' copyright registration negatively affects Michael's contractual right to use Smiley Person in accordance with Postar IP, LLC's Company Agreement.

36. Defendants' procurance of the Copyright Registration for Michael's work through fraud and misrepresentation has prejudiced and caused irreparable injury to Michael, and Michael will continue to suffer prejudice and irreparable injury unless and until the invalidity of the Copyright Registration is confirmed and the Copyright Registration cancelled.

## V.   CAUSES OF ACTION

**COUNT 1 – DECLARATORY JUDGMENT OF INVALIDITY OF COPYRIGHT REGISTRATION NO. VAU001357835 (AGAINST ALL DEFENDANTS)**

37. Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

38. This is a claim for declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

39. As set forth herein, Defendants included false and inaccurate information and representations in their Copyright Application with the knowledge that the information and representations were false and inaccurate, and that the Copyright Office would rely on the false information and representations in issuing the Copyright Registration.

40. The inaccurate and false information and representations included in the Copyright Application by Defendants were material, and if known by the Copyright Office, would have caused the Register of Copyrights to refuse registration to Defendants.

41. Defendants' inaccuracies, misrepresentations, and omissions in the Copyright Application were knowing, deliberate, willful, and for the purpose of misleading the Copyright Office.

42. Defendants' U.S. Copyright Registration No. VAu001357835 was obtained as a result of false and inaccurate information, misrepresentations, and omissions by Defendants in the

Copyright Application. The Copyright Registration is therefore subject to invalidation by the Court for failing to satisfy the requirements of 17 U.S.C. § 411(b).

43.     Michael is the true owner of the work registered in the Copyright Registration.

44.     An actual justiciable case or controversy exists between Michael and Defendants regarding the validity of the Copyright Registration and as to the parties' respective rights in connection with the registration of a copyright in the Smiley Character in the United States.

45.     Michael seeks a judicial determination as to the parties' respective rights in connection with the registration of a copyright in the Smiley Character, a declaration that the Copyright Registration is invalid, and an order directing Defendants to cancel their copyright registration with the U.S. Copyright Office.

46.     Michael is entitled to a declaratory judgment that Defendants' Copyright Registration is invalid.

47.     Michael will suffer financial and irreparable damage if there is no declaratory relief awarded, because Defendants may continue to interfere with Michael's business by claiming a copyright in the Smiley Character based on the certificate of registration that Defendants improperly and fraudulently obtained. If allowed to continue to claim a valid Copyright Registration, Defendants can wrongfully claim the exclusive right to use the Copyrighted Work, to the exclusion of Michael, notwithstanding Michael's personal legal copyright.

48.     Michael has been prejudiced and will continue to be prejudiced and incur damages without declaratory relief from this Court.

**COUNT 2 – DECLARATORY JUDGMENT OF NO OWNERSHIP OF COPYRIGHT (AGAINST ALL DEFENDANTS)**

49.     Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

50. This is a claim for declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

51. Michael is the author and sole owner of the copyrightable work embodied in the Smiley Character.

52. Because Michael is the author and sole owner of the Smiley Character, Defendants have no rights to copyright in any portion of the Smiley Character.

53. Michael did not grant Defendants the authority to create any works copied or derived in whole or in part from the Smiley Person.

54. Defendants do not have any ownership, authorship, or copyright interest in any works copied or derived from the Smiley Person, including the Smiley Character. Defendants' Copyright Application failed to disclose to the Copyright Office that Defendants did not own or author the Smiley Character.

55. An actual, present, and justiciable controversy has arisen between the parties regarding ownership rights in the Smiley Person and any works derived therefrom, including the Smiley Character, and concerning Defendants' rights to obtain copyright registrations, to reproduce, to publish, to distribute, and to sell any works copied or derived from the Smiley Person in the United States.

56. Michael seeks a judicial determination regarding the parties' respective ownership rights and interest in the Smiley Person and all works copied or derived therefrom.

57. Michael is entitled to a declaratory judgment that Michael is the sole owner of all copyrights in the Smiley Person and all derivative works thereof, including all prior and subsequent versions of the Smiley Person, and accordingly owns the sole right to register for copyright in the Smiley Person and all derivative works thereof, including without limitation all prior and

subsequent versions of the Smiley Person. Because the Smiley Character is an unauthorized derivative work of the Smiley Person, Michael is entitled to declaratory judgment that Michael is the sole owner of all copyrights in the Smiley Character.

58. Michael is also entitled to declaratory judgment that Defendants are not the author or the rightful owner of the Copyrighted Work or any works derived therefrom.

59. Michael will suffer financial and irreparable damage if there is no declaratory relief, because Defendants will continue to interfere with Michael's business by falsely claiming ownership rights in the Copyrighted Work and/or other works derived therefrom. If allowed to continue to own and claim ownership in the Copyrighted Work, Defendants can wrongfully claim the exclusive right to use the Copyrighted Work, to the exclusion of Michael, notwithstanding Michael's personal legal copyright.

60. Michael has been prejudiced and will continue to be prejudiced and incur damages without its requested declaratory relief from this Court.

## VI. REQUEST FOR PRELIMINARY INJUNCTION

61. Michael seeks to enjoin Defendants, their agents, officers, directors, employees, attorneys, successors, affiliates, subsidiaries and assigns, and all persons in active concert and/or participation with any of the foregoing persons and entities from claiming exclusive ownership or right to use, and applying to register any copyright for Smiley Person or any derivative of the Copyrighted Work during this suit, because this activity infringes upon Michael's ownership of the sole right to register for copyright in the Smiley Person and all derivative works thereof, including without limitation all prior and subsequent versions of the Smiley Person.

62. There is a substantial likelihood that Michael will prevail on the merits because Defendants attested that Gargoyle Structures, Inc. authored Smiley Character on their Copyright Application, which is demonstrably false.

63. If the Court does not grant a preliminary injunction, said Defendants will continue their activities that infringe on Michael's rights by claiming ownership in, and the exclusive right to use the Copyrighted Work.

64. Michael will likely suffer irreparable injury if the Court does not enjoin Defendants from claiming exclusive ownership or right to use, and applying to register any copyright for Smiley Person or any derivative of the Copyrighted Work because Defendants' Copyright Registration is prima facie proof of the Copyright's validity. *See* 17 U.S.C. § 410(c) (a certificate of registration "made before or within five years after the first publication of the work shall constitute prima facie evidence of the validity of the copyright").

## VII.   DAMAGES

65. Michael sustained damages due to Defendants' actions and claims reasonable and necessary attorney fees pursuant to the Copyright Act.

## VIII.   DEMAND FOR JURY TRIAL

66. Michael demands trial by jury on all issues so triable.

## IX.   PRAYER FOR RELIEF

67. Michael respectfully requests that Defendants be cited to appear and answer herein, and that this Court enter judgment in favor of Michael and against Defendants as follows:

    a. A declaration that the registered copyright VAu001357835 claimed by Defendants is invalid;

    b.    A declaration that Gargoyle Structures, Inc. was not an author or owner of the registered copyright VAu001357835;

    c.    A declaration that Gargoyle Management, Inc. was not a proper registrant of the registered copyright VAu001357835;

    d.    Granting an injunction preliminarily and permanently enjoining Defendants, their agents, officers, directors, employees, attorneys, successors, affiliates, subsidiaries and assigns, and all persons in active concert and/or participation with any of the foregoing persons and entities from:

        i.    Claiming exclusive ownership or right to use the copyrighted work;

        ii.    Applying to register or registering in the United States Copyright Office any copyright for the Smiley Person or for any works or other materials that include, copy, reproduce, are derived from, or otherwise embody the Smiley Person, including any subsequent or prior versions of the Smiley Person or Copyrighted Work; and

        iii.    Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (ii).

    e.    Ordering and directing Defendants or their duly authorized agent to submit the appropriate filings with the United States Copyright Office to cancel the Copyright Registration No. VAu001357835 using the procedures promulgated by the United States Copyright Office for doing so, including the procedures described in section 1807.4(E) of the United States Copyright Office's Compendium of U.S. Copyright Office Practices (3rd

     Ed.) and taking any such further actions and making such additional filings as is necessary to forever cancel the Copyright Registration; and

f. That Michael be awarded his attorneys' fees, costs, and any further relief this Court deems just and proper.

     Respectfully submitted,


     By: */s/ Fernando M. Bustos*
      Fernando M. Bustos; SBN: 24001819
      fbustos@bustoslawfirm.com
      Deirdre Kelly Trotter; SBN: 45006069
      dtrotter@bustoslawfirm.com
      Benjamin E. Casey; SBN: 24137943
      bcasey@bustoslawfirm.com
    BUSTOS LAW FIRM, P.C.
    P.O. Box 1980
    Lubbock, Texas 79408-1980
    (806) 780-3976
    (806) 780-3800 FAX

    ATTORNEYS FOR PLAINTIFF

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**VAu 1-357-835**

Effective Date of Registration:
February 04, 2019

## Title

  **Title of Work:** Smiley Character

## Completion/Publication

  **Year of Completion:** 2017

## Author

-   **Author:** Gargoyle Structures, Inc.
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

  **Copyright Claimant:** Gargoyle Management, Inc.
  5625 County Road 7410, Lubbock, TX, 79424, United States
  **Transfer statement:** By written agreement

## Rights and Permissions

  **Organization Name:** Klemchuk LLP
  **Name:** Roxanne Edwards
  **Email:** roxanne.edwards@klemchuk.com
  **Telephone:** (214)367-6000
  **Address:** 8150 N Central Expressway, 10th Floor
  Dallas, TX 75206 United States

## Certification

  **Name:** David Postar

**EXHIBIT 1**

Page 1 of 2

**Registration #:** VAu001357835
**Service Request #:** 1-7370478511

Klemchuk LLP
Claudia Alvarado
8150 N Central Expressway, 10th Floor
Dallas, TX 75206 United States